UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D. LAMMERS,
        Petitioner,

v.                                           Case No. 13-CV-00028

STATE OF WISCONSIN,
        Respondent.

## ORDER

Pro se petitioner James Lammers filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On June 12, 1990, petitioner was convicted in Sheboygan County Circuit Court of one count of arson of a building with intent to defraud under Wis. Stat. § 943.02(1)(b) and four counts of arson of property other than a building under Wis. Stat. § 943.03. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. To be entitled to a writ of habeas corpus, petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is not clear whether petitioner was "in custody" at the time he filed his petition because Wisconsin's online inmate locator says that his maximum discharge date was July

17, 2010. However, his petition says that he is on probation and states colorable claims for relief. Therefore, I will allow him to proceed. First, petitioner can proceed on his claim that the prosecutor violated his due process rights by suppressing photos that would have helped petitioner prove he did not set the fire the State accused him of setting. *See Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the Due Process Clause imposes an obligation on the government to disclose material evidence favorable to a defendant's case). Second, he can proceed on his claim that on October 28, 2008 a state court judge impermissibly lengthened his sentence. *See McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005) (holding that one of the protections afforded by the Double Jeopardy Clause is "the protection against 'multiple punishments for the same offense' imposed in a single proceeding."). These are the only colorable claims for relief in the petition. While petitioner claims that everyone involved in his trial and sentencing was corrupt and engaged in a conspiracy to unlawfully convict him, the only specific allegations of wrongdoing are the suppression of the photos and the extension of his sentence. Thus, I will limit petitioner to challenging these two acts. Petitioner also claims that state officials deprived him of his property without due process of law. This is clearly not a cognizable claim under § 2254 because the statute only allows petitioner to seek release from unlawful detention. It does not allow him to sue for a violation of his property rights.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

3

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5th day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge