# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES D. LAMMERS,**
   Petitioner,

  v.              Case No. 13-CV-00028

**STATE OF WISCONSIN,**
   Respondent.

## DECISION AND ORDER

Pro se petitioner James D. Lammers filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner is a frequent filer who has been prohibited under *Support Systems International, Inc. v Mack*, 45 F.3d 185 (7th Cir. 1995), from filing any civil suits in any courts in the Seventh Circuit, *Lammers v. Ellerd*, 202 F.3d 273, at *1–2 (7th Cir. 1999) (unpublished opinion). The clerk accepted the petition because there is an exception for habeas corpus petitions. Before me now are a variety of motions filed by petitioner and respondent's motion to dismiss the petition as untimely filed.

Petitioner is challenging his conviction in Sheboygan County Circuit Court on June 12, 1990 for one count of arson of a building with intent to defraud under Wis. Stat. § 943.02(1)(b) and four counts of arson of property other than a building under Wis. Stat. § 943.03. Petitioner was found guilty of conspiring with Frank Webster to burn down a building owned by petitioner so petitioner could collect insurance money on it. The

conviction became final on September 12, 2006, 90 days after the Wisconsin Supreme Court denied the petition for review of petitioner's direct appeal.[1]

I reviewed the petition under Rule 4 of the Rules Governing § 2254 Cases and allowed petitioner to proceed on two claims: 1) a claim that the prosecutor and other state officials violated his right to due process by suppressing photos of the fire that would have helped petitioner's case, and 2) a claim that on October 28, 2008, a state court judge impermissibly lengthened his sentence which violated his right to be free from double jeopardy. The petition is lengthy and claims that everyone involved with petitioner's trial and sentencing was corrupt and engaged in a conspiracy to unlawfully convict him, and I construed it liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a court is obliged to give a pro se party's pleadings a liberal construction). But these were the only specific allegations of violations of federal law that I could identify.

Petitioner moves for reconsideration of my order under Rule 4. He asks that I consider claims that he attempted to incorporate by reference that he made in a state habeas corpus petition that he attempted to file with the clerk of the Sheboygan County Circuit Court in 2001. Since petitioner has not provided me with a copy of the state court petition, it is impossible for me to consider these claims. He also asks me to consider his claim that state officials suppressed exculpatory evidence aside from the photos of the fire, but his brief on this point is very hard to follow. He talks about "complaints" that he believes were suppressed but it is not clear who made the complaints, what they were about, when

---

[1] The unusually long delay between the conviction and the conclusion of the direct appeal is due to the Wisconsin Court of Appeals' decision in 2004 to reinstate petitioner's right to a direct appeal after finding that his waiver of the right to counsel on direct appeal in 1991 was invalid.

they were made or who allegedly suppressed them. (*See* Mot. for Reconsider. ¶ 2, ECF No. 9.) Thus, it is again impossible for me to consider his claims.

I will, however, make two changes to my Rule 4 order. First, petitioner's recent filings clarify the claim in the petition regarding the testimony Frank Webster provided at petitioner's trial. I now see that petitioner was attempting to bring a claim for a violation of his due-process right to a fair trial on the ground that the prosecutor coerced Webster into committing perjury in order to falsely implicate petitioner. I will allow petitioner to proceed on this claim.

Second, I will reverse my earlier decision to allow petitioner to proceed on his claim that on October 28, 2008 a state court judge impermissibly lengthened his sentence. Petitioner alleges that his sentence "was unconstitutionally enhanced by Judge Bolgert on 10-28-2008 based on his claim of mental illness of James Lammers requiring it." (Pet. for Writ of Habeas Corpus ¶ A, ECF No. 1.) I construed this as a claim that the judge actually extended petitioner's sentence, but a closer examination of the "Supporting Facts" section indicates otherwise. Petitioner does not claim that Judge Bolgert actually extended his sentence. Instead, he claims that Judge Bolgert refused to consider a motion from petitioner raising his claim that the prosecutor had suppressed exculpatory evidence at trial. Petitioner says Judge Bolgert refused to hear the motion because another state court judge had issued an order in Racine County Case #98-CV-0798 prohibiting petitioner from making pro se filings. The judge in the Racine County case had found that petitioner was not mentally competent to commence or prosecute pro se litigation.[2] Petitioner claims that

---

[2] Prior to the issuance of the order, petitioner had filed more than 175 lawsuits against various public officials in Wisconsin courts.

Judge Bolgert discriminated against him on the basis of a mental illness and that the state court order is unconstitutional because it denies him access to the courts. This is not an independent ground for habeas relief. Instead, these are arguments that might be relevant to prove petitioner is excused from the requirement that he exhaust his claims in state court because state officials refused to allow him to do so. Therefore, I will not treat this as an independent claim.

Respondent moves to dismiss the petition for failure to timely file. The federal Antiterrorism and Effective Death Penalty Act of 1996 requires a federal habeas petition to be filed within one year from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D). The statute of limitations, however, is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Petitioner says he learned that the prosecutor had suppressed the exculpatory photos of the fire and suborned perjury by Webster prior to the conclusion of his direct appeal. Therefore, the statute of limitations on his claims began to run on September 12, 2006, the date on which his conviction became final because the time for seeking direct review had expired. This means he had until September 12, 2007 to file a federal habeas petition raising these claims. Petitioner admits that he did not meet this deadline, and that there were no pending applications for state post-conviction relief or other collateral review during this time period that may have tolled the statute of limitations. Therefore, these claims are untimely unless petitioner is entitled to equitable tolling.

Equitable tolling is an extraordinary remedy that is rarely granted. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to equitable tolling. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Petitioner claims he is entitled to equitable tolling because the state prevented him from filing a federal habeas petition between September 12, 2006 and January 9, 2013, the date on which he filed the present petition. He says he was incarcerated during part of this time, and he claims officials at the Wisconsin Department of Corrections ("DOC") refused to allow him to file anything in state or federal court while he was in prison. Following his release, which he says took place in 2008, he says DOC officials continued to threaten him with false arrest if he filed anything in state or federal court. As evidence of this restriction, he provides copies of the Rules of Community Supervision that he was required to follow, which state, "You shall not file any motions without complying with Racine Co. case #98CV0798." (Pet. for Writ of Habeas Corpus, Ex. 3, ECF No. 1-1 (Rule 19(P)).) As noted, the judge in that case found that petitioner was not mentally competent to commence and prosecute pro se litigation.

At first glance, the Racine County Circuit Court order looks like it might be a legitimate problem. The judge prohibited petitioner from initiating pro se lawsuits in either state or federal court "until a Circuit Court of appropriate and competent jurisdiction certifies that James D. Lammers' mental capacity to understand and certify that any legal

5

matters filed by him are grounded in fact or law and warranted by existing law or a good faith argument for said application exists; and that he possesses the mental capacity to utilize the courts and legal processes for proper purposes relating to himself or his affairs." *Lammers v. Molnar*, No. 98-CV-0798, slip op. at 1–2 (Racine Cnty. Cir. Ct. Apr. 20, 2000). This order does not say that there is an exception for federal habeas petitions. Thus, it appears to prohibit petitioner from filing such petitions unless he can afford to hire an attorney to represent him.

It is clear, however, that the order has not been enforced in this fashion. A quick search of federal court records reveals that in 2006, while he was still incarcerated, petitioner successfully filed a pro se habeas petition in this court. The petition was docketed on November 29, 2006 as *Lammers v. Warden Jeffrey P. Endicott*, Case No. 06-CV-01234 (E.D. Wis.). After his release from prison, petitioner filed two more pro se habeas petitions in the Western District of Wisconsin. The first was docketed on February 12, 2010 as *Lammers v. Kingston*, Case No. 10-CV-00078 (W.D. Wis.), and the second was docketed on June 11, 2010 as *Lammers v. Warden McCaughtry*, Case No. 10-CV-00345 (W.D. Wis.).[3] There is no evidence that the state treated either of these petitions as a violation of petitioner's Rules of Community Supervision. Thus, I conclude that petitioner had the ability to file a habeas petition prior to January 9, 2013 and that he is not entitled to equitable tolling. Since the petition is untimely, I will grant the motion to dismiss it.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration of the Rule 4 order (Docket #9) is **DENIED IN PART** and **GRANTED IN PART**.

---

[3] None of these petitions challenged the conviction at issue in this case.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the petition for failure to timely file (Docket #14) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motions for an order staying his sentence (Docket #13, 16, 17, 23, 26) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motion for an order requiring respondent to produce records and evidence (Docket #27) is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** for failure to timely file. The clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Therefore, I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge